# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| ERICK L. HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> AARON'S, INC. <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:19-cv-00032 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes ERICK L. HARRIS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of AARON'S, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Denton County, Texas, which is located within the Eastern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a corporation organized under the laws of the state of Georgia with its principal place of business located at 400 Galleria Parkway SE, Suite 300, Atlanta, Georgia 30339. Defendant operates retail stores throughout the United States and offers its customers the option of rent to own furniture and other consumer goods.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Around the Spring of 2018, Plaintiff entered into an installment agreement with Defendant for the purchase of a refrigerator.

10. Shortly thereafter, the refrigerator Plaintiff purchased began to fail.

11. Plaintiff withheld payment on the installment contract due to the nonfunctioning refrigerator ("subject debt").

12. Subsequently, Plaintiff began receiving calls to his cellular phone, (502) XXX-5579, from Defendant seeking to collect upon the subject debt.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5579. Plaintiff is and has always been financially responsible for the cellular phone and its services.

14. Defendant has primarily used the phone number (480) 426-7617 to place collection calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

15. Upon information and belief, the above-referenced phone number ending in -7617 is regularly utilized by Defendant during its debt collection activity.

16. During answered calls, Plaintiff was subjected to a noticeable pause, having to say "hello" several times, before being connected to a live representative.

17. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

18. Plaintiff requested Defendant to provide a repairperson to restore the refrigerator to working order.

19. Defendant assured Plaintiff that it would send a repairperson if Plaintiff made the sufficient payments to make his account current.

20. Relying on Defendant's promise, Plaintiff complied with Defendant's demand to make his account current.

21. In spite of Defendant's assurances, Defendant never sent a repairperson to restore Plaintiff's refrigerator.

22. Defendant's failure to send a repairperson caused Plaintiff to withhold payments a second time.

23. Consequently, Plaintiff demanded that Defendant stop calling him due to its failure to repair the nonfunctioning refrigerator.

24. Despite Plaintiff's efforts, Defendant continued to regularly call his cellular phone up until the filing of this lawsuit.

25. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after being notified to stop.

26. Plaintiff has received not less than 20 phone calls from Defendant since asking it to stop calling.

27. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

28. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

29. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* prerecorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

32. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, and the fact that Plaintiff had to say "hello" several times before a live representative began to speak is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant continuing to contact Plaintiff after he demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

33. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting him.

34. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

35. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ERICK L. HARRIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

38. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

39. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

40. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

41. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 20 times after he notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by his wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

42. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

    b. **Violations of TDCA § 392.304**

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

44. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting his cellular phone using an automated system absent his consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling his cellular phone, illustrating the deceptive nature of Defendant's conduct.

45. Defendant further violated the TDCA through its use of deceptive means to collect upon the subject debt. Plaintiff relied on Defendant's promise that it would provide repair services for the nonfunctioning refrigerator if Plaintiff provided sufficient funds to make his account current. Plaintiff complied with Defendant's request, but Defendant never sent a repairperson to restore Plaintiff's refrigerator. Therefore, Defendant deceived Plaintiff into making a payment under false pretenses.

WHEREFORE, Plaintiff, ERICK L. HARRIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 15, 2018                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                       s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                           Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                    *Counsel for Plaintiff*
Admitted in the Eastern District of Texas                  Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                        2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                    Lombard, Illinois 60148
(630) 568-3056 (phone)                                     (630) 581-5858 (phone)
(630) 575-8188 (fax)                                       (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                   thatz@sulaimanlaw.com